**Olga Adilia GONZALEZ–
HERNANDEZ,
Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 04–73721.

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

Submitted March 8, 2006.*

Decided March 15, 2006.

Kathleen Lord Black, Esq., San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Genevieve Holm, Esq., Earle B. Wilson, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Leslie K. Herje, Esq., Office of the U.S. Attorney, Western District of Wisconsin, Madison, WI, for Respondent.

Before: CANBY, BEEZER and KOZINSKI, Circuit Judges.

MEMORANDUM **

Olga Adilia Gonzalez–Hernandez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's ("IJ") denial of her applications for asylum, withholding of removal, and for relief under the Convention Against Torture ("CAT"). We review for substantial evidence and may reverse only if the evidence compels a contrary conclusion. *Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir.2000). We deny in part and dismiss in part the petition.

Substantial evidence supports the IJ's and BIA's determination that petitioner failed to establish past persecution or a well-founded fear of future persecution on account of an enumerated ground. Because petitioner testified that she did not know who kidnaped her brothers and beat her father, and testified that people in other villages were kidnaped, and there is no evidence that the incidents occurred based on an enumerated ground, her asylum claim accordingly fails. *See INS v. Elias–Zacarias*, 502 U.S. 478, 482–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *see also Molina–Estrada v. INS*, 293 F.3d 1089,

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1094–95 (9th Cir.2002) (holding that there was no evidence that guerrillas attacked alien's home based on an enumerated ground).

Because petitioner failed to demonstrate that she was eligible for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1149 (9th Cir.1999).

Petitioner failed to raise her CAT claim in her opening brief, and therefore waived this claim. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

Finally, we lack jurisdiction to address petitioner's claim that the IJ violated her due process rights by failing to address her voluntary departure request because petitioner failed to raise this issue before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part and DISMISSED in part.**